The first case on the calendar is United States v. Kevin Harris, No. 16-10152. Good morning. Howard Neal, I'm appearing for the appellants in this case, who are Kevin Harris, Scott Harris, and Molly Pantubo, who are the current trustees of the two existing Harris Trusts, the Gilbert Harris Bipas Trust and the Reden Harris Trust. And your client is the only beneficiary of the trust, is that right? My client is not. My clients are the trustees. No, no, no. I'm sorry. Mr. Harris is the only beneficiary of the trust. Mr. Harris is not the only beneficiary of the trust. There are several grandchildren who are beneficiaries. The Gilbert Harris Trust was distributable in part to the children of his deceased sister, Michael Harris. That distribution actually has already taken place. So the trustees make distributions to everyone but Mr. Harris. Is that what you're saying? Yes, that's correct. They're holding some of the assets of the Gilbert Harris Trust in the discretionary trust for Michael Harris and some of the assets of the Reden Harris Trust in the discretionary trust for Michael Harris, correct. And is there anything in the record that tells us what is informing the exercise of that discretion? Yes. In fact, if I may refer you to the excerpt of record page 39, that is a portion of the original Gilbert and Reden Harris Trust. It states there that the income of the Gilbert Harris Bypass Trust shall be paid, or the trustee shall pay out of income in the trustee's absolute discretion to help support Michael, which in the opinion of the trustee will allow Michael to properly manage his affairs. And at this point they haven't made any distributions? They made a few distributions prior to the service of the writ of continuing garnishment. These were some ad hoc distributions for some medical needs of Mr. Michael Harris. And what is the reason that they stopped making distributions? Due to the service of the writ of continuing garnishment. So, I take it then that the trustees are assisting Mr. Harris in the sense that in order to avoid him having to make any payments of restitution, they're not making any distributions to Mr. Harris? That's correct. Okay. And his rights have, I take it now, vested as a beneficiary as a result of the death of Rita? Well, yes, as a result of the death of Rita, the discretionary trust for Michael Harris was created subject to, and shortly thereafter, Mr. Harris displaying some of the assets. Well, with regards to the effect of the disclaimer, the benefit had vested prior to the disclaimer. It is correct that on her death, the assets were held as part of this discretionary trustee. So, the effect of the district court's order now is essentially, I guess this is the wrong analogy, but a lien on the trust for any distributions that the trustees might make in the future to be served? That's correct, Your Honor. That's my understanding. The government hasn't taken steps to help the trustees? There's no effort to enforce the lien. Okay. So, what's wrong with that? Well, the issue, I think, as was stated, in fact, in one of the cases that the government added to its citations in January, the Dr. Ian Amoto, which is the district court case from Arizona, is whether the beneficiary had sufficient control over the funds in the discretionary support trust, such that the tax that he was attached. And our contention is that he controlled the beneficiary to exercise what's only as to the income from the assets held in the Gilbert-Harris trust. Clearly, he has a right, does he not, under California law, to bring an action in Superior Court seeking to compel the trustees to make distributions, should be on income to evade the brace is necessary to meet his needs. But subject to the terms of the trust and subject to whether or not the trustees have exercised their discretion reasonably. But some of our cases, at least cases I read, say that that is sufficient to establish control for purposes of law. Well, the case that seems to be cited most frequently on this issue in California, and that was cited by the court in the Taylor case, is the State of Occoquan, which was decided at the time that California still had state mental hospitals. And there was a statute that specifically said that the guardian of the estate, which is the equivalent of the trustee, shall pay for the support of anyone who is being cared for in a state mental hospital. But the law hasn't changed, and it hasn't helped. I mean, in other words, if I'm a beneficiary, and my rights and interests are vested, and the trustees are not abiding by their obligations under the trust, I have a right to bring an action to compel them to discharge their duties to my guardian. I have no disagreement with that statement. As to the income interest in the Gilbert Harris trustee. Well, you go beyond just income. It can actually include evading the corpus. Let's say if I have a big medical emergency that I need a substantial amount of money for. Yes, I see that case, Your Honor. But, again, we have to refer to, because I read only the discretion applicable to the income interest, the Harris's in setting up their trust were more restrictive as to the principal. First of all, it was not mandatory. It said the trustee may make distributions for the principal. But they limited it more than the trust in either the Taylor case or the Willem Dry case, or even more occasionally the Taylor case. Let's draw a distinction between, let's assume for purposes of our discussion, that this is the equivalent of a spin for a trust, and the trustees are attempting to protect Mr. Harris as a judgment debtor from efforts by a creditor to collect on the debt. If that's the case, haven't our cases said, that's not true with regard to the United States and the tax lenders, that the U.S. isn't like any other ordinary group? I agree. Yeah, it's clear that, yeah, the federal tax lenders supersede any spin-drift provisions. And there is an analogy, is there not, by statute in enforcing restitution orders, that we enforce them as if they were the key to the tax lenders? Yes. Okay. Yes. So I guess I go back to the original question I asked you. What's wrong with the District Court entering the order that they've never been asked to do? Well, in the interest of making this argument while I still have some time left, the disclaimer of the Dry case, which was the Court's basis for not recognizing Michael Harris's disclaimer, is distinguishable from our case. It wasn't in cascade with the State of Arkansas. The debtor's interest in the estate vested by operation of law on the date of death. Here Michael Harris did not have control over the rates of the Harris Trust as of the date of death, and he disclaimed before any rent was served on my clients, the trustees. So at the time of the rent, the only assets that held the benefit of Michael Harris were those listed in the excerpt. All right. Don't the cases say, I mean, this is sort of akin to avoidable transfer in a bankruptcy proceeding, that you don't recognize disclaimers which have as their purpose the evasion of an obligation to pay a tax loan or a tax judgment, or in this case the murder of restitution? Well, but by the same token, in analyzing who has the right to enforce or force the trustees to distribute the assets of this trust, there are now other beneficiaries other than Michael Harris. I'm assuming that the disclaimer is valid, but my hypothetical suggests that it's a matter of public policy. It's void. You know, we simply do not recognize him given no force or effect. Well, it's not void as far as the state law governing the trustees. But federal law controls that question, does it not? We're talking about the enforcement of a federal court judgment, which is akin to a tax judgment. Well, I submit that given that the assets were no longer being held by my clients to the benefit of Michael Harris, or no people served, that those assets may not be reached for purposes of a federal tax loan. You want to say something? So just think. All right. Good morning, Your Honors. Good morning. My name is Julie Reagan, and I represent the United States. May it please the court. Judge Tolman, you asked Mr. Neal what's wrong with the district court. Entering the decision in order, and I would answer there's nothing wrong with it. The district court properly applied the dry analysis and determined that Mr. Harris has state law rights which confer upon him sufficient control over the assets in the support trust to trigger the attachment under the NPRA. And what's the implication of that? I mean, what's the process in order to try to get a deal, some action on that? This is really a pretense, isn't it? His state law rights? Yes. Well, we look to the California Probate Code to ascertain what those rights are. And under section 17200 subpart E5, I believe, Mr. Harris could bring an action to compel the trustee to exercise their discretion in effectuating the purposes of the support trust. Thank you. Well, with respect to that, let's just say with respect to the NPRA. Yes. It's not a measure of the mandatory property, it's a measure of the choice of the subpart E5. Well, I beg your pardon. Actually, the distribution provision with respect to principle does confer upon Mr. Harris an interest in that as well as a trust income, as Judge Coleman indicated. That, like the court said in the Taylor case, while the use of the word may suggests absolute discretion, it's clearly geared toward Mr. Harris' support needs. So should trust income fail to be sufficient to meet his support needs? Clearly, when you look at the four corners of this document, the settlers intended that, well, you might have preferred that the trustees not evict the corpus, that they should evict the corpus to meet the support needs. The trustee's discretion is limited by the support standard set out in the distribution provision of the restated trust. So then what I'm trying to figure out is what would he have to show in order to get a court to compel the trustees, let's say, with respect to principles? He would have to show that the trustees did not exercise their discretion reasonably. And that would be a matter for the probate court to determine. That's not an issue in terms of the writ of garnishment issuing. The writ of garnishment in this case was issued by order of the district court by virtue of the lien that arose when judgment was entered. And I just wanted to clarify, the lien, the judgment lien did not arise when the writ issued. The writ issued by virtue of the lien attaching to Mr. Harris' state law rights, which constitute property under federal law and under dry. And that lien attached prior to any alleged slander that may have occurred. The date that the district court entered the judgment. I'm sorry. The effective date would be the date that the district court entered the original judgment of restitution. The date that the lien attached? No, you're wrong. The lien attached, the lien arises by operation of law under the restitution statute when the judgment is entered. Isn't that what I just said? I mean when the criminal judgment was entered. This is what I'm talking about. But it is the source of the judgment. The source of the lien is the criminal judgment which was entered in 1997. I'm sorry, maybe I didn't make my question clear. That's what I was asking you. Oh, okay. So it relates back to that time, to that date. Yes. Okay. And the lien attached to his interest when the restated trust became irrevocable. There seems to be some confusion here about this Harris trust agreement in which Rita Harris purported to transfer irrevocable trust assets into that trust. She was no longer the legal owner of those assets. She merely had a lifetime equitable interest in those assets. She had no power to divest Mr. Harris of his rights under his court trust. I'm just looking at this. The key, and is the key, in your view, to apply this to the garnishment issue is because Mr. Harris has a right under state law to bring the court back to the force of the trustee to distribute money. That's the key thing. That's one of the key things. In addition, as the district court noted, just like the taxpayer on dry, his alleged attempt to disclaim also demonstrates sufficient control to show that it qualifies as property under federal law. The garnishees acknowledge that he, his disclaimer, alleged disclaimer, they have a, there's nothing in the record to show he offended disclaimer under the probate code. Just a statement. I'm digressing, but just one point. Or just a statement by one of the garnishees that doesn't suffice to constitute disclaimer under the probate code. However, assuming that there, that he did file a proper form under the probate code, the disclaimer occurred after the lien attached. It's ineffective. And that's why it is not distinguishable from dry. And in following the dry analysis and correctly applying it, the district court did nothing wrong in issuing the disposition letter in California. We just didn't have that statute. We referred to it as a disclaimer. It's probably written in something with their signatures on it. Yes. That didn't exist. What did the case come out differently? No. Under the disclaimer analysis. Is that what I'm just talking about? Forgot about the disclaimer. Pretend that never happened. Pretend that it did. I don't believe it would, because he also has the right under the probate code to seek to recover damages from the trustee if they fail to perform their duty. And while it's not as strong a right, if I can use that term, as it would, as under your hypothetical, as it is in fact, he would have that right and that right would confer sufficient control under dry to trigger a gain of attachment. I'd like to also, I think I understand perhaps what you're, Judge Walter, what you're going to, and that is, is it a, if it were a purely discretionary trust, would that render it a mere expectancy, which is the position of the artichutes, and that would not, once it became irrevocable, to restate a trust. He acquired a vested, present, beneficial interest, and so it was no longer a mere expectancy. And as the court in Enomoto pointed out, he, courts will always have the discretion or the ability to pass on actions of the trustee. Otherwise, it's not a trust. The camera on his case was not in the briefs, but it's in Ray Batt's trust. Is that one of the cases that you're relying on? I don't believe so. I'm not familiar with the case, Your Honor. Well, if the case is, if we were to refer here, what is a practical matter? What would that be? As a practical matter, the government's interest in immobilizing the ability to make any further dissipation for payments to the defendant, Michael Harris, who has yet to make any substantial payment on his criminal restitution judgment would be affected. Okay, so you're not taking, the government wouldn't take the position that he could then become the trustee's fiduciary adjudicator? The probate court would have exclusive jurisdiction over that. The government could. The government enjoys special status, creditor status, under the probate code, as a holder of a criminal restitution judgment. But that's not. You could go to the probate court and say, you know what, Mr. Harris, you seem to be receiving a substantial amount of your support, and, you know, he really does need support, and these trustees are going to fall down the job, and they want to distribute money, so they can pay it to us. You could use the probate court to compel the trustee's fiduciary monies to use it. I mean, that would be helpful. If it's probate code section 17, I think, 305.5, and it was just enacted in the last 15 years, but it confers special creditor status, and under certain circumstances, that could happen. If the court determined that it just isn't, then capital equity required it. But they are limited, but only in the event that an abuse of discretion were found. Does that answer your question? Well, yeah, but I'm a little bit confused. Because your first answer suggests it's a good thing. You were only doing this based on his reception. Yes. It's a stable method. Yes. Oh, I'm sorry. I thought you were asking me hypothetically, is there anything else that could be done? And that was my response. Yes, but we have no intention of exercising that power as ever. Well, we might in the future, but not at this time. And at this time, we are here to request that this court affirm the district court's order granting the writ of garnishment. But I think what's in my brain is getting at is that if we affirm the effect of upholding the writ of garnishment, is that if the trustees, as the holder of the fines, attempt to make any distributions to Mr. Harris, that they become liable to make payments on the writ of garnishment. Is that it? Well, the order is that they have to make payments to the government. Any distributions to him are to be paid to the government. Can you internalize that risk to attempt this order? Yes. Okay. I think that's the answer. Okay. Thank you. I'm out of time. Oh, well, if the court would make one closing sentence, I'll hear it. Okay. I think I'll just reiterate what I said 30 seconds ago, which is that we're here today to request that this court affirm the district court's decision and order, which was properly issued and properly decided under the Supreme Court Thank you very much. Thank you. Mr. Neal, I'll give you a couple minutes if we're able. Thank you, Your Honor. I just wanted to clarify a couple items. With regard to Judge Wofford's questions about enforcing, Michael Harris, of course, the one standing in his shoes, enforcing the trustee's duty to make distributions. The one thing that distinguishes this for us from the cases cited is the statement by the trustors, Governor Rita Harris, that they desire, and this is with regard to principle, that the trustee protect the principle as far as possible for the contingent beneficiaries who happen to be Michael Harris's children. So there's even a further restriction, and you contend that makes it even more tenuous. But that would be an argument, presumably, that they would raise before a California probate court if the government initiated some kind of a receipt. That's correct. The issue is actually very narrow. That's in front of us. You want this wave, this cloud over the trustees removed by quashing the At that point, nothing more will be done until the government takes some further steps or the trustees attempt to make a distribution to evade anything going to Mr. Harris in the middle, or to hurt themselves, potentially, by our contingent of the board. I agree. I was just responding to Judge Wofford's question about how would that be enforceable? What would be the standards that would be applied? The only other thing I wanted to mention is that, well, after Gilbert Harris died, Rita Harris was the sole beneficiary of the trust. She was also the sole beneficiary of the bypass trust during her lifetime. And the terms of the trust itself in the record gave her trustee discretion to distribute up to the whole of the principal for her health support and maintenance. She, in fact, as trustee, made that distribution and used those assets to harm Rita Harris. Judge Wofford doesn't care. So, what's your response to the government's argument that basically the disclaimer is ineffective because the whole contingent of the board already attached to all of the board. I'm not referring to this. It's just that the trustee is paying for the disclaimer, just by virtue of that fact alone. So, what's your response to that? Our only response is that so far as that rests on the facts of the dry case, those facts are distinguishable. This was not a contested mistake that vested in such dead Michael Harris. We do nothing that comes with the control of the asset. It was still held in the trust, subject to all of the restrictions stated in the trust. Thank you very much. I'm going to take a vote. For the argument, we will now hear argument in the United States versus Samuel James Simard, number 12-1-0-13-17.
judges: Tallman, Watford, Guirola